**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROSEMARIE W. SENA,

    Plaintiff,

vs.                                                                                                       No. CIV 98-0585 JC/LFG (ACE)

WILLIAM S. COHEN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion for Partial Summary Judgment, filed May 25, 1999 *(Doc. 28)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

**I.**     **Background**

Plaintiff, Rosemarie Sena, is a former budget officer for the Department of Defense's Defense Evaluation Support Activity ("DESA") at Kirtland Air Force Base. Plaintiff was discharged in January, 1994, for allegedly using government time and resources for personal business. Defendant contends Plaintiff "misused DESA's equipment (phone, fax, computer, copiers) for personal gain [and] spent approximately one hour per day working on personal business matters and at least on one occasion offered real estate services to a subordinate." Def.'s Br. at 15. Plaintiff denies conducting significant personal business and contends several white male workers conducted personal business and were not discharged.

## II. Analysis

Defendant moves for summary judgment on Count I ("Unlawful Sex Discrimination in Employment in Violation of Title VII") and Count II ("Unlawful Retaliation in Violation of Title VII") of Plaintiff's Complaint. Defendant argues that Plaintiff cannot establish the prima facie elements of a Title VII discrimination or retaliation claim. Defendant also contends that even if Plaintiff were able to establish a prima facie case of discrimination, she would not be able to overcome the proffered reasons for Plaintiff's discharge.

To make out a disparate treatment discrimination claim under Title VII, a plaintiff must first establish the prima facie elements of discrimination. To do this, the plaintiff must show: "1) she is a member of the class protected by the statute; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 533 (10th Cir. 1998). If the plaintiff satisfies the four prima facie elements, the burden then shifts to the defendant to come forward with "a legitimate nondiscriminatory reason for the action." *Id.* "If the defendant does so, the plaintiff must show the defendant's proffered reasons are pretextual." *Id.*

In this case, Plaintiff has established a prima case of discrimination under Title VII and has countered Defendant's proffered legitimate nondiscriminatory reason for discharge. Defendant concedes elements one through three, *see* Def.'s Br. at 11, and Plaintiff has satisfied the fourth element by highlighting four similarly situated white male DESA employees who apparently abused governmental resources and were not fired. *See* Def.'s Br. Exhibits; Def.'s Reply Br. at 4 ("their alleged infractions, **with exception of those committed by B.J. Lyden**, were extremely

2

minor").[1]  Plaintiff's identification of four similarly situated males also provides sufficient evidence for a jury to determine that Defendant's proffered reasons for the discharge were pretextual.[2]

Although Plaintiff's disparate treatment claim survives summary judgment, her retaliation claim fails. A prima facie retaliation claim requires the plaintiff to show that "(1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) she suffered an adverse employment action contemporaneous or subsequent to such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1381 (10th Cir.1994). Plaintiff has failed to offer anything that would indicate she "engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding." *Id.* Consequently, summary judgment will be granted for Defendant on Plaintiff's retaliation claim.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment, filed May 25, 1999 *(Doc. 28)*, is **granted in part**. Summary judgment is entered for Defendant and against Plaintiff on Count II ("Unlawful Retaliation in Violation of Title VII") of Plaintiff's Complaint.

DATED this 22nd day of July, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The severity of the alleged abuses are a factual determination for trial.

[2] Exhibit 6 to Plaintiff's brief indicates that the four males were similarly situated. *See* Pl.'s Br. Ex. 6 ("In general, all DESA employees were subject to the same OI, under the supervision of Dr. Wiles.").

Counsel for Plaintiff:     Dennis W. Montoya
                           Albuquerque, New Mexico

Counsel for Defendant:     Michael H. Hoses
                           Assistant U.S. Attorney
                           U. S. Attorney's Office
                           District of New Mexico
                           Albuquerque, New Mexico