IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE W. SENA,

    Plaintiff,

v.                                                                                                       No. CIV 98-0585 JC/LFG (ACE)

WILLIAM S. COHEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Affirm the Decision of the Merit Systems Protection Board on Plaintiff's Non-Discrimination Claim, filed September 24, 1999 *(Doc. 70)*. The Court has reviewed the motion, the memoranda submitted by the parties, the administrative hearing record, and the relevant authorities.

The Court finds that Defendant's Motion to Affirm the Decision of the Merit Systems Protection Board on Plaintiff's Non-Discrimination Claim is well taken and will be granted.

**I.**      **Background**

Plaintiff Rosemarie Sena alleges she was wrongfully terminated from her position in the Federal Civil Service. The Department of Defense ("Agency") removed Plaintiff from employment in January of 1994 for misconduct. Plaintiff appealed the decision to the Merit Systems Protection Board ("MSPB") pursuant to 5 U.S.C. §§ 7511(a)(1)(A), 7512, 7513(d), and 7701(a)(1996) (the MSPB has jurisdiction over appeals from removal actions that involve non-probationary Federal

employees in the competitive service).  At the hearing, the parties entered into a settlement resolving the appeal.  However, in 1995, the MSPB found that the Agency had committed a material breach of a settlement term.  *See Sena v. Department of Defense*, 66 M.S.P.R. 458, 465 (1995).  Therefore, Plaintiff Sena was permitted to rescind the settlement and reinstate the appeal.  A second hearing was held on May 24 and 25, 1995.  Fourteen months after the close of the record, Administrative Judge James Kasic entered an Initial Decision (ID) affirming the Department of Defense's removal of Plaintiff.  Plaintiff sought Full Board Review of that decision pursuant to the procedures outlined in the Initial Decision.  Full Board Review was denied.  Plaintiff then sought judicial review of both her discrimination and non-discrimination issues by filing a civil action.  When, as here, a petition for review of a MSPB decision involves both discrimination and other claims it is considered a "mixed case."  On the discrimination claim, the petitioner "shall have the right to trial de novo by the reviewing court."  5 U.S.C. § 7703(c)(3).  The other, non-discrimination claims, however, are reviewed on the administrative record.  *See Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993) (*citing Hayes v. United States Gov't Printing Office,* 684 F.2d 137, 141 (D.C. Cir.1982)).  The discrimination claims were tried to a jury in the United States District Court of New Mexico on August 25 and 26, 1999.  The jury found in favor of the Defendant Agency.  This memorandum opinion and order addresses the non-jury review of the administrative record on the non-discrimination clams brought by Plaintiff.

**II.     Standard**

The standard of review for a decision of the MSPB on a non-discrimination claim is as follows:

> A MSPB decision must be upheld unless the reviewing court determines that it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.

*Williams*, 983 F.2d at 180 (*citing* 5 U.S.C. § 7703(c)). In so determining, the court "may not substitute its judgment for that of the MSPB." *Id*. (*citing Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir.1988)). The court can only insure that federal law and required procedures have been followed and that the MSPB's action is not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. *See Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir.1988).

**III.  Analysis**

Neither party has proposed that the decision rendered by the MSPB was obtained against the procedural guidelines which govern the MSPB. Therefore, review of the decision rests on whether there was substantial evidence to support the decision, and whether the decision made was arbitrary and capricious.

### *A.  There Was Substantial Evidence to Support the MSPB Decision.*

After listening to the testimony of the witnesses, and reviewing the evidence presented by the parties, the Administrative Judge determined that the Agency had presented "overwhelming proof" of Plaintiff's misconduct. *See* ID, p. 12. However, Plaintiff argues that the testimony presented was insufficient to support the findings and that the Judge improperly relied on the testimony of the Agency's witnesses. This Court disagrees. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *See Hathaway v. Merit Sys. Protection Bd.*, 981 F.2d 1237, 1240 (Fed. Cir. 1992). This Court need only determine whether, considering the record as a whole, the Agency's evidence is sufficient to allow a reasonable mind to meet the evidentiary

burden applicable to a particular case. *See Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed. Cir. 1990). At the hearing, the Agency was required to prove Plaintiff's misconduct by a preponderance of the evidence. However, this does not mean that every witness must report that they observed every instance of misconduct. There were two categories of charges against Plaintiff: 1) Plaintiff used Government time and resources to advance her private business interests, and 2) Plaintiff abused her position to solicit real estate business from a subordinate. Administrative Judge Kasic presents a clear, concise explanation of his decision in favor of the agency on both counts. *See generally* ID. In his written decision, Judge Kasic addresses the credibility and weight given to practically each of the witnesses presented by both sides. Specifically, Judge Kasic concludes that the sum of the testimony presented against Plaintiff outweighs the explanations she provided to explain her conduct. Such credibility determinations are virtually unreviewable. *See Hambsch v. Department of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986).

However, Plaintiff takes issue with the time lapse between the hearing and the issuance of the ID. Plaintiff argues that given the time lapse, the impact of Plaintiff's case was lost over time. *See* Pl.'s Am. Submissions for Review of the Decision of the MSPB, filed Sept. 24, 1999 *(Doc. 68)* at 10. Yet, it is clear from the ID that Judge Kasic reviewed the testimony and tapes of the hearing, in addition to relying on his memory of the event, as is common practice in judicial proceedings. Each witness testified to their own experiences and observations. The sum of this testimony was compared to the evidence provided by Ms. Sena. The Judge then made a ruling based on the evidence presented. In his ID, the Judge pointed to specific facts gleaned from particular

witnesses leading to his decision. *See* ID at 5-6.[1] He determined the witnesses presented by the Agency to be more credible, consistent and candid than the witnesses presented by Plaintiff. *See id.* at 7. As fact finder he was permitted to weigh the credibility of the testimony presented.

Nevertheless, Plaintiff points to two instances which she argues support her assertion. First, the witness Charles Gutierrez was not actually retired, as the Judge insinuates, therefore, his testimony was given at a greater risk than the Judge believed. Second, the Judge did not reach the conclusion that employees may save work from home on the same floppy disks that they carry back and forth to work. However, in both cases, the "mistakes" are not significant enough to change the outcome of the decision. The finding that Mr. Gutierrez' testimony was biased was made in spite of the fact that the Judge believed him to be retired. His employment or retirement status does not alter the fact that he had an admitted close relationship with Plaintiff and would have suffered embarrassment in his job by failing to exercise adequate supervision over Plaintiff's conduct. *See* ID at 7-8. In fact, that Mr. Gutierrez was still working for the Agency at the time of his testimony would amplify his fear of reprisal for failing at his supervisory duties.

As for the Judge's determination that the presence of floppy disks with outside software supported the charges, Plaintiff's argument in opposition is not well founded. The Judge's conclusions were based on the aggregate of the testimony, including numerous witnesses that observed Plaintiff working on personal business related issues while on government time. The

---

[1] For example, Judge Kasic stated that "John Toth testified [that Ms. Sena] received two to three business related phone calls per work day" and "he saw two facsimile transmissions for [Ms. Sena] from other real estate agents." ID at 5. Another example was the testimony of William Humes whom the Judge stated "testified consistently . . . that [Ms. Sena] received so many calls regarding real estate and rental properties that he and other subordinates joked that they were her answering service." *Id.* at 5. The Initial Decision of the MSPB is replete with such examples.

presence of the floppy disks was merely support of this finding, not the entire basis for the final decision. Thus, this Court is unconvinced that the ID was marred by the passage of time given the overwhelming amount of evidence that, taken as a whole, added up to prove Plaintiff's misconduct. Therefore, the Court finds there was substantial evidence to support the decision below.

### B. *The Decision Was Not Arbitrary and Capricious.*

"Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." *Wilder*, 846 F.2d at 620. As discussed in the previous section, there was substantial evidence supporting the Judge's finding at the administrative hearing. Plaintiff argues that the decision was arbitrary and capricious, yet provides no evidence to support her allegation. At the hearing, the Judge carefully listened to the testimony and evidence presented. *See* Plaintiff's Ex. 3 (Tapes 1-9 of the administrative hearing). Prior to the start of the hearing, Judge Kasic met with the attorneys to discuss motions and preliminary matters. During the hearing, Judge Kasic listened to testimony and evidence and ruled on objections. The rulings were even-handed, favoring neither party and Judge Kasic was undistracted and paying close attention to the evidence presented at all times. Further proof that the decision was not arbitrary and capricious is found in the careful division of the evidence into that pertaining to the charges, and that which was superfluous to the charges. *See* ID at 4, n.2, and 6, n.4.[2] Judge Kasic specifically did not consider evidence that was not relevant to the inquiry. Thus, Plaintiff has failed to demonstrate that the MSPB acted arbitrarily or capriciously in sustaining her termination.

---

[2] Specifically, the Judge notes that he did not consider allegations of "inappropriate use of official time and DESA resources. . . [for activities] related to her . . . work for various volunteer and professional organizations . . . and preparation and distribution of her wedding reception announcements." ID at 4, n.2. Also, Judge Kasic refused to consider some testimony of Agency Investigator Tom Yulo because "Yulo's observations took place after the 1989 through August 1993 time frame [sic] listed in the Notice of Proposed Removal." ID at 6, n.4.

### C. *The Penalty Assessed Was Not an Abuse of Discretion.*

Plaintiff also asserts that even if the Agency proved her misconduct, the penalty assessed was unreasonably harsh for the offenses. However, the "determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." *Beard v. General Servs. Admin.*, 801 F.2d 1318, 1322 (Fed. Cir. 1986). To the extent that Plaintiff contends that the removal upheld by the MSPB was excessive, and therefore arbitrary and capricious, this Court defers to an agency's choice of penalty "unless it is so harsh and unconscionably disproportionate to the offense that it amounts to abuse of discretion." *Brook v. Corrado*, 999 F.2d 523, 528 (Fed. Cir. 1993).

Here again, the Administrative Judge clearly detailed the evidence used to support his decision that the penalty imposed was not an abuse of discretion. *See* ID at 15. The Judge weighed the factors favoring dismissal (such as the demoralizing affect her actions had on her subordinates and the lack of remorse she felt for her actions), with mitigating factors favoring a less severe punishment (for instance, Ms. Sena's long tenure and good record). *See id.* However, in the end, the Judge found that the severity of the misconduct outweighed the mitigating factors. *See id.* Such a determination is not arbitrary nor capricious and is sustained by substantial evidence. Plaintiff held a position in which she was required to work with large sums of government money. Her duties carried with them a trust that she was to both instill and uphold in her subordinates and her superiors. The misconduct of which she was found guilty violated that trust. While an employee may be removed "only for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a), it was reasonable to conclude that the lack of trust between Plaintiff and her co-workers could require termination of her employment in order to promote such efficiency.

For the foregoing reasons, Plaintiff has failed to demonstrate that the MSPB acted arbitrarily or capriciously in sustaining her termination. Furthermore, there was "overwhelming proof," amounting to substantial evidence, to support the Administrative Judge's decision that Plaintiff was guilty of misconduct, and the misconduct warranted her dismissal. Therefore, Defendant's Motion to Affirm the Decision of the Merit Systems Protection Board on Plaintiff's Non-Discrimination Claim will be granted.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Affirm the Decision of the Merit Systems Protection Board on Plaintiff's Non-Discrimination Claim *(Doc. 70)* is **granted**.

IT IS FURTHER ORDERED that the decision of the Merit Systems Protection Board is **affirmed** on Plaintiff's Non-Discrimination Claim

DATED this 9th day of November, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Dennis W. Montoya<br>Albuquerque, New Mexico |
| Counsel for Defendant: | Michael H. Hoses<br>Assistant U.S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |